# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MATTHEW KRAUSE and LINDSEY KRAUSE; <br><br> Plaintiffs, <br><br> v. <br><br> DEERE & COMPANY, a Delaware corporation with its principal place of business located in Illinois; JOHN DEERE CONSTRUCTION & FORESTRY COMPANY, a Delaware corporation with its principal place of business located in Illinois; JOHN DEERE CONSTRUCTION EQUIPMENT COMPANY, a Delaware corporation with its principal place of business located in Illinois; and JOHN DEERE INDUSTRIAL EQUIPMENT COMPANY a Delaware corporation with its principal place of business located in Illinois; <br><br> Defendants. | Civil Action No. _____ <br><br> Honorable _____ |

## JOINT NOTICE OF REMOVAL

Defendants Deere & Company and John Deere Construction & Forestry Company (collectively, "John Deere Defendants"), give notice of the removal of this action under 28 U.S.C. §§ 1332, 1441, and 1446. John Deere Construction and Forestry Company is the legal successor both to John Deere Construction Equipment Company and John Deere Industrial Equipment Company. This Court has subject matter jurisdiction and the case is removable because there is complete diversity between the John Deere Defendants and Plaintiffs Matthew and Lindsey Krause, and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

As a short and plain statement on the grounds for removal, the John Deere Defendants state the following:

1. This is a personal injury action arising from Plaintiff Matthew Krause's alleged use of a model 250G Excavator. Plaintiffs allege that Matthew Krause sustained serious and permanent injuries during a repair of the Excavator's engine.

2. On March 31, 2022, Plaintiffs filed a complaint against the John Deere Defendants in the Circuit Court of Cook County, Illinois, County Department, Law Division, as case number 2022L003032. A copy of the complaint is attached as <u>Exhibit A</u>. As of the time of the filing of this Notice of Removal, the John Deere Defendants have not been served with the Complaint or any other process, pleadings, or orders.

3. No further proceedings have been had in the state court action.

4. Pursuant to 28 U.S.C. § 1446(a), copies of the following documents are attached to the Notice of Removal:

**Exhibit A:** Plaintiffs' Complaint

**Exhibit B:** A copy of the docket sheet in the state court action.

**I.  Removal is proper under 28 U.S.C. § 1441 because this Court has diversity jurisdiction under 28 U.S.C. § 1332.**

5. This case is properly removed to this Court under 28 U.S.C. §§ 1332(a)(1) and 1441 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and there is complete diversity of citizenship between the parties.

**A. The amount in controversy exceeds $75,000.**

6. Under 28 U.S.C. § 1446(c)(2)(A)(ii), the John Deere Defendants assert that the amount in controversy exceeds $75,000, exclusive of interest and costs. The John Deere Defendants make this assertion in good faith based on Matthew and Lindsey Krause's alleged injuries. *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017)

("A removing party therefore only must establish the amount in controversy by a good faith estimate that is 'plausible and adequately supported by the evidence.'") (citation omitted).

7. Plaintiffs allege serious injuries and economic losses stemming from the John Deere Defendants' alleged breaches. Compl. ¶¶ 47, 67, 79, 80. Plaintiff Matthew Krause contends that he has suffered: (1) pain and suffering, mental anguish, and emotional distress, past and future; (2) reasonably and necessary medical, hospital, and rehabilitation care and services, nursing care and services, medications, therapies, and other expenses, past and future, including special medical damages; (3) inconvenience; (4) loss of income and earning potential; (5) loss of enjoyment of life and impairment of quality of life; (6) physical impairment; (7) physical disfigurement; and (8) all other monetary relief and compensatory damages as permissible at common law and by statute. *Id.* at ¶ 79. Plaintiff Lindsey Krause alleges that she has suffered, and will continue to suffer, loss of consortium, loss of society, affection, assistance, and conjugal fellowship. *Id.* at ¶ 77.

8. It is clear on the face of the Complaint that Plaintiffs' claimed damages exceed $75,000, exclusive of interest and costs. *See McCoy by Webb v. General Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("[C]ourts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceed the jurisdictional amount."). While Plaintiffs' claimed damages plainly exceed $75,000, the John Deere Defendants do not concede that Plaintiffs are entitled to any damages at all. *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th. Cir. 2017) ("A removing defendant need not confess liability in order to show that the controversy exceeds the threshold.")

9. "An alleged amount in controversy satisfies the jurisdictional requirement so long as it is not legally impossible for the claimant to recover that amount in damages on the claim."

3

*Knopick v. Jayco, Inc.*, 895 F.3d 525, 529 (7th Cir. 2018) (citing *Grinnell Mutual Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012)). An award of more than $75,000 "is not legally impossible." *Id.* It is therefore apparent from the face of the Complaint that more than $75,000, exclusive of interest and costs, is in controversy in this case.

**B.  There is complete diversity of citizenship among the parties.**

10.  This Court's jurisdictional diversity requirement is satisfied because the suit is between "citizens of different states." 28 U.S.C. § 1332(a)(1).

11.  For diversity jurisdiction purposes, a corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1).

12.  Matthew and Lindsey Krause are citizens of Colorado. Compl. ¶¶ 2, 3.

13.  Deere & Company is a corporation incorporated and existing under the laws of Delaware, with its corporate headquarters and principal place of business in Moline, Illinois.

14.  John Deere Construction & Forestry Company is a corporation incorporated and existing under the laws of Delaware, with its corporate headquarters and principal place of business in Moline, Illinois. John Deere Construction Equipment Company is a prior name of John Deere Construction & Forestry Company. John Deere Industrial Equipment Company is also a prior name of John Deere Construction & Forestry Company. Neither John Deere Construction Equipment Company nor John Deere Industrial Equipment Company have any continuing operations or corporate existence. John Deere Construction & Forestry Company is the proper name and legal successor of both John Deere Construction Equipment Company and John Deere Industrial Equipment Company. John Deere Construction & Forestry Company thus properly acts for all three of these entities named as defendants. To the extent it is deemed necessary by the

4

Court, John Deere Construction Equipment Company (now known as John Deere Construction & Forestry Company) and John Deere Industrial Equipment Company (now known as John Deere Construction & Forestry Company) join this Notice of Removal.

15. Thus, complete diversity exists among the parties.

16. 28 U.S.C. § 1441(b)(2) provides that a case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The John Deere Defendants are citizens of Illinois. The John Deere Defendants, however, have not been served as of the time of this Notice of Removal. Section 1441(b)(2)'s "home state" bar on removal only applies to defendants that have been "properly . . . served." *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–07 (2d. Cir. 2019) ("Put simply, the result here – that a home-state defendant may in limited circumstances remove actions filed in state court on the basis of diversity of citizenship – is authorized by the text of Section 1441(b)(2) and is neither absurd nor fundamentally unfair."); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018) (holding that the "plain meaning [of section 1441(b)(2)] precludes removal on the basis of in-state citizenship *only* when the defendant has been properly joined and served" and that removal prior to service of the forum defendant "is not so outlandish as to constitute an absurd or bizarre result" (emphasis added)); *D.C. by & through Cheatham v. Abbott Labs. Inc.*, 323 F. Supp. 3d 991, 992 (N.D. Ill. 2018) (holding "that the statutory text [of section 1441(b)(2)] must control" and that the statute does not bar removal where a joined forum defendant remains unserved); *Graff v. Leslie Hindman Auctioneers, Inc.*, No. 17-CV-06748, 2017 WL 4864871 (N.D. Ill. Oct. 26, 2017) (holding that where a forum defendant is un-served "[t]he forum defendant rule does not apply here under the plain meaning of [§ 1441(b)(2)]").

5

17. The John Deere Defendants are aware of contrary authority in this District, e.g., *Norwegian Air Shuttle ASA v. Boeing Co.*, 530 F.Supp.3d 764 (N.D. IL. 2021). The John Deere Defendants urge that *West Bend Mutual Ins. Co. v. MSPPR LLC,* 2021 WL 463259 (N.D. IL 2021) and the cases cited therein represent the proper application of the plain language of 28 U.S.C. § 1441(b)(2).

**II.     The John Deere Defendants have satisfied the procedural requirements for removal.**

**A.     Removal is timely.**

18. Under 29 U.S.C. § 1446(b), a defendant may remove an action within thirty days after receipt of a copy of the complaint through service or otherwise. Plaintiffs filed the state court action on March 31, 2022. *See* Exhibit B. The John Deere Defendants have not yet been served. This Notice of Removal is timely.

**B.     The Northern District of Illinois is the proper District to which this case may be removed.**

19. The United States District Court for the Northern District of Illinois embraces Cook County, the county in which Plaintiffs filed their state court action. This action is therefore properly removed to the Northern District of Illinois under 28 U.S.C. §§ 93(a) and 1441(a).

**C.     All other procedural requirements have been met.**

20. In compliance with 28 U.S.C. § 1446(d), the John Deere Defendants will promptly file written notice of this removal and a copy of the Notice of Removal with the Cook County clerk. The John Deere Defendants will also serve written notice of filing of this Notice of Removal on counsel for the plaintiffs.

21. By filing this notice of removal, the John Deere Defendants do not waive any rights, privileges, or defenses, and do not concede that this is an appropriate or convenient forum to resolve these claims.

**WHEREFORE**, defendants Deere & Company and John Deere Construction & Forestry Company respectfully remove this action from the Circuit Court of Cook County, Illinois, County Department, Law Division, bearing number 2022L003032, to this Court under 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: April 4, 2022                                Respectfully submitted,

By: /s/ Matthew J. Fischer
Matthew J. Fischer (IARDC 6224916)
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street, Suite 2900
Chicago, Illinois 60602
Telephone: (312) 471-8700
Facsimile: (312) 471-8701
mfischer@rshc-law.com

*Counsel for Deere & Company and
John Deere Construction & Forestry Company*

## **CERTIFICATE OF SERVICE**

I, Matthew J. Fischer, an attorney in the law firm Riley Safer Holmes & Cancila LLP, certify that on April 4, 2022, I filed a copy of the foregoing document electronically using the Court's CM/ECF System, which will generate notice of this filing to all counsel of record and served the documents via First-Class U.S. Mail to the following:

Gerald Bekkerman
Jonathan D. Treshansky
TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC
225 West Wacker, suite 1750
Chicago, IL 60606
mtaxman@tpmblegal.com

Paul J. Komyatte
THE KOMYATTE LAW FIRM LLC
722 Washington Ave., Suite 202
Golden, CO 80401
(720) 975-8553
paul@komyattelawfirm.com

By: /s/ Matthew J. Fischer
Matthew J. Fischer (IARDC 6224916)
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street, Suite 2900
Chicago, Illinois 60602
Telephone: (312) 471-8700
Facsimile: (312) 471-8701